In the Matter of MARSHALL N. THAYER, an Attorney.

First Department, November 4, 1921.

Attorney and client — disciplinary proceedings — attorney at law censured for conduct violative of legal ethics in maintaining mercantile agency in addition to practicing law — previous good character and prompt severance of connection with business considered in fixing punishment.

Attorney at law censured for conduct violative of sound rules of legal ethics, where it appeared that in addition to practicing his profession, he conducted a mercantile agency, the business of which was the obtaining of yearly subscription fees from merchants who desired to avail themselves of the services of an agency predicated upon form letters containing false statements, prepared by the agency but sent out by the subscribers and used solely for the purpose of leading delinquent debtors to believe that if they did not pay their bills the agency would send its subscribers unfavorable reports as to the debtors' financial standing.

Attorney's straightforward conduct when matters were called to his attention, his frank testimony before the grievance committee and the immediate termination of the business, coupled with previous good conduct, justify the court in limiting punishment.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

---

* See Code Civ. Proc. chap. 17, tit. 8; Consol. Laws, chap. 72; Laws of 1920, chap. 275.   Since amd. by Laws of 1921, chap. 14.— [REP.

*Einar Chrystie,* for the petitioner.

*Herbert B. Lee* of counsel [*Lee & Carell,* attorneys], for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in February, 1908, at a term of the Appellate Division of the Supreme Court, Second Department.

The petition alleges that the respondent has been guilty of misconduct as an attorney at law as follows:

The respondent, in addition to practicing his profession as an attorney at law at No. 320 Broadway, in the city of New York, conducted a business at the same address under the style of "The Columbia Mercantile Agency," which was the obtaining of yearly subscription fees of fifteen dollars from tradesmen and merchants who desired to avail themselves of the services of the agency. These services consisted in furnishing the subscribers with books containing a large number of blank form letters, of which the following are samples:

"EXHIBIT A.

"THE COLUMBIA MERCANTILE AGENCY
"Associate offices and representatives in all cities and towns in the United States.          Telephone 3243 Franklin
"General Offices, 320 Broadway, New York.
"Reports Delinquent Debtors to the Trade. Investigates Credits, Provides for the Interchange of Trade Information Between Mercantile Houses.
"................191..

"We have been requested by one of our subscribers in ........ to furnish a report concerning your financial responsibility and promptness in meeting your obligations. In our investigation we find there is an account against you held by ........ of ........ amounting to $.... which is past due.

"Kindly advise us by return mail why this account should not be paid and whether you can arrange for a settlement direct with the creditor by ........, at which time we are to file our report.

"We make this special inquiry of you direct, as we wish

to avoid doing you an injustice in our report, a copy of which we furnish our subscribers. We shall feel justified in furnishing a favorable report, provided you can arrange this matter satisfactorily. This account is NOT in our hands for collection.

" Yours very truly,

" THE COLUMBIA MERCANTILE AGENCY,

" H. A. WILLIAMS,                    .

" *Manager.*

---

" NOTE.— We have no interest in this, other than to report facts as we find them, and to be fair and just to you as well as to our subscriber in doing so. It is therefore important that you give this your immediate attention, as your neglect to reply may be taken as an admission on your part that the debt is a just one and that you are careless or negligent in your business methods and not entitled to credit.

" WRITE YOUR ANSWER TO THE ABOVE HERE.

" (Do not detach)

" THE COLUMBIA MERCANTILE AGENCY

" 320 Broadway, New York, N. Y.:

" GENTLEMEN :

"........................................................

..............................................................."

" EXHIBIT B.

" (Same heading as Exhibit A.)

" We find by reference to our files that you have not answered our Inquiry Letter addressed to you a few days ago, referring to past due account, amounting to $...., which you owe ........ of .........

" Your failure to answer our courteous inquiry concerning this delinquency would indicate that the claim is a just one, and that you are not disposed to accord the Creditor fair treatment in its settlement. We do not yet assume, however, that this is so in your case, and we think that you must have overlooked the matter of replying to our letter.

" We can hold our report on you in abeyance only for a few days before sending same to our subscribers, and we will thank you to advise us by return mail whether or not the claim is a just one, and if you can make prompt settlement

First Department, November, 1921.      [Vol. 198

so that we may feel justified in giving you the credit standing in our publication that we should like to be able to do. Your prompt reply to this inquiry will oblige.

" Yours very truly,

" THE COLUMBIA MERCANTILE AGENCY,

" H. A. Williams,

" *Manager.*

---

" Note.— We have no interest in this, other than to report facts as we find them, and to be fair and just to you as well as to our subscriber in doing so. It is therefore important that you give this your immediate attention, as your neglect to reply may be taken as an admission on your part that the debt is a just one and that you are careless or negligent in your business methods and not entitled to credit.

" Write Your Answer to the Above Here

" (Do not detach)

" The Columbia Mercantile Agency,

     " 320 Broadway, New York, N. Y.:

" Gentlemen:

  " . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ''

The petition further alleges that it was understood and agreed by the respondent and the subscribers that the blanks in these form letters were to be filled in by the subscribers who purchased them from the agency, and were to be sent by them to their customers who failed to pay bills promptly. The statement in the form letters to the effect that they were sent by the agency pursuant to requests made by subscribers for reports as to the financial responsibility of the persons to whom they were addressed was untrue. The letters were used solely for the purpose of leading delinquent customers to believe that if they did not promptly pay their bills the Columbia Mercantile Agency would send to its subscribers unfavorable reports as to the customer's financial standing.

The petition further alleges that the respondent, during the time that he conducted business under the name of The Columbia Mercantile Agency, did not have in his employ any person named " H. A. Williams," and there was no person of

that name acting as manager of the agency or in any way associated or connected with it; and that the respondent, while doing business as The Columbia Mercantile Agency, as above set forth, participated in a scheme to force the payment of claims alleged to be due to the agency's subscribers by sending letters containing threats and false representations as above set forth.

The learned official referee has reported that, in addition to practicing law at 320 Broadway, city of New York, the respondent conducted a business known as " The Columbia Mercantile Agency." " It consisted in furnishing subscribers with books containing large numbers of blank form letters at $15 a year. The purpose of these blanks was for use by merchants in aid of collections from delinquent customers. * * * These letters contained statements of a character tending to lead the persons receiving them to believe that some one had made an inquiry of the agency as to the customer's standing, and that the agency in the course of an investigation had discovered that the customer had failed to pay the bill that this merchant who had bought the books had against him. This correspondence, as charged by the petitioner, operated as a club to enforce payment, and tended to secure a collection of the bill by misrepresentation. * *. * As a matter of fact these letters were sent out when no request whatever had been made. The agency had nothing to do with the sending out of the letters. That was attended to by the subscribers who paid fifteen dollars annually for the same. The obligation of the agency was complete when the agency delivered the blank forms to the subscribers and collected the fifteen dollars, with the exception that if, when one of these form letters was sent to a delinquent customer and that customer saw fit to reply to the agency, giving some reason why the bill had not been paid, then the bottom part of the letter was sent back to the agency. and Mr. Thayer would send that reply to the customer to whom he had sold the book. Although no request had been made, the letter stated the contrary and constituted a misrepresentation."

The referee continued: " In the circumstances the record discloses, the conclusion must be that the business in which the respondent was engaged and its conduct, for which he

should be held responsible as an attorney at law, were violative of the sound rules of legal ethics binding upon respondent, and unprofessional."

The respondent urges that he did not originate this business, but that the enterprise had existed for some six years when he bought it of his predecessor; that when the matter was called to his attention by the grievance committee he frankly admitted all the facts in relation thereto and immediately discontinued the use of these letters and sold the business. He claims that there was no intentional wrongdoing and no purpose to force payment of unjust claims or claims not due; there is no evidence that any complaint had ever been made by a debtor of unjust treatment or wrongful action; that when the matter was brought to the attention of the grievance committee he appeared before it for examination and, the business being questioned, he promptly sold it out, disposed of all his interest in it and has had no connection with it since. He has shown genuine regret for what has happened. He stipulated the facts that are alleged in the petition, took the stand and subjected himself to cross-examination and answered frankly all questions put to him by counsel for the Bar Association. It is stated in his behalf that no previous charge had ever been made against him, that he has learned a lesson from this bitter experience, and may safely be trusted in the future to fulfill the solemn obligations resting upon an attorney at law.

We approve of the finding of the learned official referee, that the business in which the respondent was engaged and its conduct were violative of the sound rules of legal ethics and were unprofessional. We are further of the opinion that the respondent's straightforward conduct when the matters were called to his attention, his frank testimony before the committee, and his immediate termination of the business, coupled with the evidence of previous good character and conduct submitted, justify the court in limiting punishment, for the offense proved and admitted, to a censure, which censure is hereby administered.

LAUGHLIN, DOWLING, PAGE and MERRELL, JJ., concur.

Respondent censured. Settle order on notice.